DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br>    **v.**<br><br>**DIOGENES MARCELINO,**<br><br>    **Defendant.** | CRIMINAL NO. 12-01 |

**Appearances:**

**Ronald S. Sharpe**, USA
**Delia L. Smith**, AUSA
**Rami S. Badawy**, AUSA
Office of the United States Attorney
St. Thomas, USVI
 *For the United States of America,*

**Omodare Jupiter**, FPD
**Gabriel J. Villegas**, AFPD
Office of the Federal Public Defender
St. Thomas, USVI
 *For Diogenes Marcelino.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Diogenes Marcelino ("Marcelino") for a reduction in his sentence pursuant to Title 18, United States Code, Section 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

On October 15, 2012, Marcelino pled guilty to Conspiracy to Possess Cocaine Aboard a Vessel in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a)-(b). At sentencing, Marcelino's

*United States v. Marcelino*
Criminal No. 12-01
Order
Page 2

criminal history level was 1.  Consistent with his presentence investigation report, Marcelino's offense level was determined to be 35.[1]  The relevant sentencing guidelines recommended a sentencing range of 168 to 210 months.  Marcelino received a sentence of 87 months imprisonment based on substantial assistance.

Since his sentencing, there has been an amendment to the sentencing guidelines.  Amendment 782 reduced the base offense level by 2 for many drug offenses.  18 U.S.C. § 3582(c)(2) states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Marcelino now moves for a reduction to his offense level in accord with the amended sentencing guidelines. Marcelino's new offense level, before taking into account substantial assistance, is 33.  For an offense level of 33 with a criminal

---

[1] On the record, the Court only stated that the adjusted offense level was 29. That adjusted offense level included a reduction for substantial assistance.

*United States v. Marcelino*  
Criminal No. 12-01  
Order  
Page 3

history level of 1, the sentencing guidelines recommend a sentence between 151 and 188 months.

Having considered the record in this case, the factors outlined at 18 U.S.C. § 3553 and the premises herein, it is hereby

**ORDERED** that the offense level for defendant Diogenes Marcelino is **REDUCED** to 33; it is further

**ORDERED** that the term of imprisonment for defendant Diogenes Marcelino is **REDUCED** to 70 months, effective November 1, 2015.

S\_____  
**Curtis V. Gómez**  
**District Judge**